# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Artie Keno,<br><br>    Petitioner,<br><br>v.<br><br>State of Arizona, et al.,<br><br>    Respondents. | No. CV-16-00721-TUC-JGZ (DTF)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Artie Keno (Petitioner), formerly incarcerated at the Arizona State Prison Complex – Cook Unit in Florence, Arizona, filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Amended Petition). Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for Report and Recommendation. (Doc. 11.) Before the Court are Petitioner's Amended Petition (Doc. 9) and Respondent's Limited Answer to Petition for Writ of Habeas Corpus (Doc. 14). As explained below, the Magistrate Judge **recommends** that the District Court, after its independent review of the record, **dismiss** the Petition.

**Factual and Procedural Background**

<u>Petitioner's State Court Plea and Sentencing</u>

On October 12, 2015, Petitioner was charged by the State of Arizona (State) with possessing a dangerous drug, a class 4 felony (Count 1) and possessing drug paraphernalia, a class 6 felony (Count 2). (Doc. 14-1 at Ex. A.) The State filed an

allegation that Petitioner had previously been convicted of numerous felonies. (Doc. 14-1 at Ex. B.) On January 18, 2015, Petitioner entered into a stipulated plea agreement whereby he pleaded guilty to Count 1 as charged in the indictment. *Id.* at Ex. C. The State agreed to dismiss Count 2 and did not pursue the allegation of priors. *Id.*

In Arizona, the factual basis for a guilty plea may be ascertained from a presentence report. *State v. Varela*, 587 P.2d 1173, 1175 (Ariz. 1978). Here, the factual basis for the plea agreement, taken from the presentence report, provides:

> On October 1, 2015, at approximately 8:42 p.m., officers with the Tohono O'odham Police Department responded to the Desert Diamond Casino located in the 1100 block of West Pima Mine Road in reference to a call from the casino surveillance concerning the suspected use of drugs in the parking lot. Upon arrival, officers viewed video coverage of a male passenger riding in a light gray sedan circling then stopping in the parking lot. The passenger appeared to smoke a substance from a pipe. A short time later, the passenger exited the vehicle and entered the casino. The driver of the vehicle departed the property before police were called.
>
> Security advised the suspect was seated at a slot machine. Officers contacted the suspect, who was identified as [Petitioner]. He exhibited signs and symptoms of alcohol intoxication. Officers escorted [Petitioner] to the restroom. While he was in the restroom, he reached into his right pocket and withdrew a small white container. As [Petitioner] was being escorted out to the front entrance of the casino, he swung his arm tossing the white container onto the casino floor. He was subsequently arrested and transported to the police substation.
>
> During a search incident to arrest, a glass smoking pipe and approximately 11.3 grams of methamphetamine[, including packaging,] were found in [Petitioner's] possession. He was transported and booked into the Pima County Adult Detention Center[.] He was also served with several fugitive warrants out of New Mexico.

(Doc. 14-1 at Ex. E, p. 3.) Before entering into the plea agreement Petitioner

acknowledged that he understood the plea would subject him to a prison term ranging from 1 to 3.75 years. (Doc. 14-1 at Ex. E, p. 1.) Petitioner then formally pleaded guilty and the trial court accepted his plea. *Id.* at Ex. D.

On January 5, 2016, Petitioner was sentenced by the Arizona Superior Court, Pima County to a slightly mitigated 2-year term of imprisonment in accordance with the terms of the plea agreement. *Id.* at Exs. F, H. The trial court advised Petitioner of his right to file a petition for post-conviction relief. *Id.* at Ex. G. Petitioner failed to file a petition for post-conviction relief. *Id.* at Ex. I.

<u>Petitioner's Amended Habeas Petition</u>

On November 11, 2016, Petitioner filed a petition for a writ of habeas corpus. (Doc. 1.) On January 12, 2017, the Court dismissed the petition and allowed Petitioner 30 days to file an amended petition. (Doc. 8.) On January 25, 2017, Petitioner filed his Amended Petition. (Doc. 9.) In Grounds One and Two on the Amended Petition, Petitioner argues that the trial court did not have jurisdiction to convict and sentence him. *Id.* at pp. 6-7. In Ground Three of the Amended Petition, Petitioner styles his claim for habeas relief as having been "kidnaped" and unlawfully arrested and imprisoned by the State. *Id.* at 8. In Ground Four of the Amended Petition, Petitioner argues that the trial court, prosecutor, and defense counsel "conspired with one another to defeat the inalienable rights of the accused." *Id.* at p. 9.

As explained below, Petitioner waived his claims by pleading guilty. Additionally, all of the grounds for relief alleged in the Amended Petition are procedurally defaulted without excuse. The Amended Petition should be dismissed.

**Petitioner Waived his Claims by Pleading Guilty**

Petitioner waived the claims that he alleges in his Amended Petition when he pled guilty. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional

rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). *See also, Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir. 1994) ("As a general rule, one who voluntarily pleads guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations"), *overruled on other grounds by Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). A petitioner's guilty plea limits the grounds upon which he can subsequently challenge his detention in a federal habeas corpus proceeding. *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004). Unless the petitioner alleges his plea was involuntary, or improperly induced by ineffective assistance of counsel, a conviction based on a guilty plea may not be challenged in a federal habeas proceeding, "despite various forms of misapprehension under which a defendant might [have] labor[ed]." *Id.* at 981 n.26 (collecting cases). (Internal punctuation omitted.)

The claims alleged in the Amended Petition do not challenge the voluntarily and intelligent character of Petitioner's plea. (Doc. 11 at pp. 6-9.) Instead, Petitioner's claims relate to the state court's personal jurisdiction. *Id*. Petitioner argues that he "challenges the Pima County Superior Courts (*sic*) jurisdiction over petitioner" and contends that the Amended Petition "involve[s] the ground of the state and states (*sic*) court jurisdiction over the natural divine man Artie Keno." *Id*. at p. 11.

Petitioner waived these personal jurisdiction claims when he pleaded guilty in the state court. *See Reel v. Ryan*, 2013 WL 2284988, at *6 (D. Ariz. 2013) (rejecting petitioner's habeas claim that the state court lacked jurisdiction over his case due to a defect in the indictment (a personal jurisdiction argument) because the petitioner pleaded guilty). *See also, United States v. DeVaughn*, 694 F.3d 1141, 1153 (9th Cir. 2012) ("A guilty plea waives all defenses except those that go to the court's subject-matter jurisdiction and the narrow class of constitutional claims involving the right not to be hailed into court.")

In sum, all four grounds in the Amended Petition allege, albeit with varying language, that the State lacked personal jurisdiction over Petitioner. As explained above, Petitioner waived any personal jurisdiction argument by pleading guilty. The Amended Petition should be dismissed.

**Petitioner's Claims are Procedurally Defaulted**

A federal court may only consider a petitioner's application for a writ of habeas corpus if "the applicant has exhausted the remedies available in the court of the State." 28 U.S.C. § 2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Proper exhaustion requires a petitioner to "fairly present" his federal claims to the trial level and to "invoke[e] one complete round of the State's established appellate review process," presenting the same federal claim to each court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). *See also Wooten v. Kirkland*, 540 F.3d 1019, 1025 (9th Cir. 2008) ("The rule of exhaustion requires that a habeas petitioner 'fairly present' his federal claims in each appropriate state court.").

To "fairly present" a claim, the prisoner must alert the state courts to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). "Mere general appeals to broad constitutional principles…do not establish exhaustion. Nor is it enough to raise a state claim that is analogous or closely similar to a federal claim." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement "protect[s] the state courts' role in the enforcement of federal law" by affording them the opportunity to resolve issues of federal law before those issues are presented to the federal court. *Rose v. Lundy*, 455 U.S. 509, 518 (1982). If the prisoner fails to fairly present his claim to the state court in a procedurally appropriate manner, the claim is "procedurally defaulted" and barred from federal habeas review. *See, e.g., Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991).

There are two categories of procedural default, express and implied.

*Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). Express procedural default operates to bar a federal habeas claim where a state court expressly applied a procedural bar to the prisoner's claim when the prisoner attempted to raise the claim in state court. *See, e.g., Ylst,* 501 U.S. at 802-05. Implied default (also referred to as technical exhaustion) occurs when the prisoner never presented his claim in state court and returning the prisoner to state court to present that claim would be futile under the state's procedural rules. *Teague v. Lane*, 489 U.S. 288, 297-99 (1989).

In Arizona, claims that have not been previously presented to the state court, through either direct appeal or collateral review, are barred from federal review because an attempt to return to state court to present them is futile unless the claims fit in a narrow category of claims for which a successive post-conviction relief (PCR) petition is permitted. *See* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(a) & (b) (stating successive PCR petitions are limited to claims of being held in custody beyond sentence expiration, newly-discovered material facts, requests for delayed appeal, significant change in the law retroactively applicable that would probably overturn conviction or sentence, and actual innocence); *Spreitz v. Ryan*, 617 F.Supp.2d 887, 899-900 (D. Ariz. 2009) (discussing Arizona's preclusion rule). In addition to preclusion under Rule 32.2, Arizona has a time bar requiring a PCR notice in a non-capital case to be filed within 90 days after the entry of judgment and sentence or within 30 days "after issuance of the final order and mandate in the direct appeal, whichever is the later." *See* Ariz. R. Crim. P. 32.4(a); *Moreno v. Gonzalez*, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing the untimeliness bar under Rule 32.4(a) as a basis for dismissing an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)). As with the preclusion bar, an untimely PCR petition is only permitted for a narrow category of claims – the same narrow category of claims that are exempted from the preclusion bar. *See* Ariz. R. Crim. P. 32.1(d)-(h), 32.4(a).

If a claim does not fall within one of the exceptions in Rule 32 or is filed outside the time limits, the successive PCR notice is subject to summary dismissal. *See, e.g., State v. Diaz*, 269 P.3d 717, 719-21, ¶¶ 5-13 (Ariz. App. 2012); *State v. Rosario*, 987 P.2d 226, 228, ¶ 7 (Ariz. App. 1999). Because Arizona's preclusion rule (Rule 32.2) and time-bar rule (Rule 32.4) are both "independent' and "adequate," when applied to a claim by an Arizona court, or when precluding a return to state court to exhaust a claim, they procedurally bar subsequent review of the merits of that claim by a federal habeas court. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002) (determinations made under Arizona's procedural default rule are "independent" of federal law); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) (finding that unexhausted claims were procedurally defaulted because petitioner was "now time-barred under Arizona law from going back to state court").

Here, Petitioner admits that he failed to present any of his claims to the Arizona State Court. (Doc. 9 at pp. 6-9.) In fact, Petitioner expressly contends in his Amended Petition that "the Arizona Court of Appeals has no juri[s]diction in this matter." *Id*. It is undisputed that Petitioner did not file a notice of (or petition for) post-conviction relief in the State Court. (Doc. 14-1 at Ex. I.)

As mentioned above, Petitioner was sentenced on January 5, 2016. Returning Petitioner now to State court to exhaust his claims would be futile since all of the claims alleged in the Amended Petition are subject to summary dismissal by the State court. *See* Ariz. R. Crim. P. 32.4(a) (requiring a notice of post-conviction relief in all non-capital cases to be filed within 90 days after entry of judgment and sentence).

In sum, Petitioner has failed to "fairly present" all of the claims alleged in the Amended Petition in State court and, as a result, all of the claims alleged in the Amended Petition are all procedurally defaulted. *Castillo*, 399 F.3d at 998; *Swoopes*, 196 F.3d at 1010. Absent an excuse for the procedural defaults, the claims in the Amended Petition are barred from federal habeas review. As

discussed below, the Court cannot excuse the procedural defaults.

**The Procedural Defaults Cannot be Excused**

The Court may excuse a procedural default if a petitioner establishes (1) "cause" and "actual prejudice," or (2) that a fundamental miscarriage of justice has occurred. *Sawyer*, 505 U.S. at 339. "Cause" is a legitimate excuse for the default and "prejudice" is actual harm resulting from the alleged constitutional violation. *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). (Citations omitted.) "Cause" that is sufficient to excuse a procedural default is "some objective factor external to the defense" which precludes the petitioner's ability to pursue his claim in state court. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Alternative to a "cause" and "actual prejudice" determination, if Petitioner establishes that a fundamental miscarriage of justice has occurred this Court may excuse a procedural default. A fundamental miscarriage of justice occurs where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Murray, supra*, 477 U.S. at 496 (holding that the merits of a defaulted claim could be reached "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent…").

Here, Petitioner has failed to establish "cause", *i.e.*, he has failed to show that any external, objective factor prevented him from properly challenging his claims in State court. Instead, as mentioned above, Petitioner contends that the State court does not have personal jurisdiction over him. (Doc. 9, pp. 6-9.) Petitioner is wrong, however, because he appeared before the Arizona Superior Court, Pima County after his arrest and pleaded guilty. *See Braumert v. Municipal Court of City of Phoenix*, 606 P.2d 33, 35 (Ariz. App. 1979) ("Personal jurisdiction over a defendant is acquired by arrest pursuant to a warrant issued on a sworn complaint and the defendant's subsequent appearance before the court.")

Petitioner has similarly failed to establish "actual prejudice." There is simply no basis in the record for the Court to conclude that Petitioner has suffered actual

harm as a result of the procedural defaults. Finally, Petitioner has failed to show that a fundamental miscarriage of justice has occurred. Indeed, Petitioner pleaded guilty to Count 1 of the indictment. (Doc. 14-1 at Ex. C.)

In sum, there is no excuse for the procedural defaults and they may not be excused. Consequently, the Amended Petition is barred from federal habeas review.

**Recommendation**

All claims alleged in the Amended Petition were either waived when Petitioner pleaded guilty or they are procedurally defaulted without excuse and barred from federal habeas review. The Magistrate Judge recommends the District Court **DISMISS** the Petition for Writ of Habeas Corpus.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **16-cv-721-JGZ**.

Dated this 26th day of April, 2018.

Honorable D. Thomas Ferraro
United States Magistrate Judge